UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TAHER ALHORSOME,

Plaintiff,

v.

MARTHA MACIAS, et al.,

Defendants.

Case No. 1:26-cv-05758-JLT-EPG

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED

(ECF No. 2)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS

Plaintiff Taher Alhorsome is proceeding *pro se* in this civil action. (ECF No.1) On July 24, 2026, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 2). Because Plaintiff can afford to pay the filing fee for this action and still afford the necessities of life, the Court recommends Plaintiff's IFP application be denied.

**I. BACKGROUND**

On July 24, 2026, along with the complaint, Plaintiff filed an application to proceed with IFP. (ECF No. 2). The application requires Plaintiff to answer questions under penalty of perjury. Plaintiff stated that "My gross pay or wages are: $1,013.40." (*Id.* at 1). Plaintiff indicated this amount was provided from social security benefits, which is paid monthly. (*Id.* at 3). Plaintiff also stated that in the past twelve months, they received "other income" from a pension, annuity, or life insurance payment, but did not provide an amount. (*Id.*). When asked the amount of money

available in cash or in a checking or savings account, Plaintiff stated that they have $97,000 available. (*Id.* at 2). When asked if Plaintiff had housing, transportation, utilities, or loan payments, or other regular monthly expenses, Plaintiff provided an amount of $370,000 without any further information. (*Id.*)

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Lastly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue."

## III. ANALYSIS

The Court recommends that Plaintiff's IFP application be denied because information disclosed on the application indicates that Plaintiff's allegation of poverty is untrue, and Plaintiff can afford to pay the $405 fee required to file this action.

As of the commencement of this case, Plaintiff's amount of money available in cash, checking, or savings account is $97,000, which is more than sufficient to pay the filing fee and still afford the necessities of life. (ECF No. 2 at 2).

Because Plaintiff's disclosures reveal that they can pay the $405 filing fee and still afford the necessities of life, the Court will recommend that the IFP application be denied.

## IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, for the reasons given above, IT IS RECOMMENDED as follows:

1. Plaintiff's IFP application (ECF No. 2) be DENIED.
2. Plaintiff be ordered to pay the $405 filing fee for this action.
3. Plaintiff be advised that failure to timely pay the filing fee will result in the dismissal of this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 27, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE