UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TAHER ALHORSOME,

Plaintiff,

v.

MACIAS, *et al.*

Defendants.

No. 1:26-cv-5758-JLT-EPG

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THIS ACTION BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND ABSTENTION UNDER *YOUNGER* AND *ROOKER-FELDMAN*

(ECF No. 1)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS

## I. INTRODUCTION

Plaintiff Taher Alhorsome is proceeding *pro se* in this civil action filed on July 24, 2026. (ECF No. 1). Plaintiff generally alleges that defendants made fraudulent claims about Plaintiff's bank account balance resulting in an increase in the amount of child support he was required to pay.

On August 6, 2026, the Court issued an order to show cause as to why this case should not be dismissed for lack of subjection matter jurisdiction and abstention under *Younger* and the *Rooker-Feldman* doctrine[1]. On September 15, 2026, Plaintiff filed a response to the Court's order to show cause, appearing to argue that this Court has subject matter jurisdiction as the court is located within the state of California. (ECF No. 6).

[1] *See Younger v. Harris*, 401 U.S. 37 (1971); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

Upon review of the complaint and the response to the order to show cause, the Court shall recommend this action be dismissed for lack of subject matter jurisdiction and abstention under *Younger* and the *Rooker-Feldman doctrine.*

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

In his complaint, filed on July 24, 2026, Plaintiff names ten defendants: (1) Martha Macias; (2) Derec Walzberg; (3) Dena M. Harrison; (4) Jackie Salazar; (5) Carla Harms; (6) Araceli Maciel; (7) Gail Rollins[2]; (8) Leroy Gee, employee of Madera County Superior Court; (9) Maria G. Oropeza, employee of Community Action of Madera Count; and (10) Douglas Tresman, employee[3] of Madera County Superior Court. (ECF No. 1 at 2)

Plaintiff alleges defendants made claims about the balance in his bank account so that he was required to pay more in child support (*Id.* at 3). Plaintiff states defendants claimed that he had more than $100,000 in 2022, but his tax return for that year indicates his gross income was only $8,932. (*Id.*). Plaintiff represents his gross income was $44,791 in 2023, but defendants made statements in court that his income was over $85,000. (*Id.*) As a result of these claims, Plaintiff alleges he had to pay $2,130 in monthly child support. (*Id.*)

Plaintiff further states defendant Tresman did not allow Plaintiff to explain the discrepancy in his income. (*Id.*). Plaintiff alleges he was not allowed due process to defend himself with accurate information and that he believes he was discriminated against. (*Id.*).

Finally, Plaintiff states in a phone conversation with defendant Gail Rollins, he requested a refund of his child support overpayment but was told regardless the amount was non-refundable even if inaccurate. (*Id.*).

## III. ORDER TO SHOW CAUSE AND RESPONSE TO THAT ORDER

On August 6, 2026, the Court issued an order to show cause as to why this case should not be dismissed for lack of subjection matter jurisdiction and abstention under *Younger* and the *Rooker-Feldman* doctrine. On September 15, 2026, Plaintiff filed a response to the Court's order to show cause. (ECF No. 6).

In response, Plaintiff argues the Court has subject matter jurisdiction over this case. (*Id.* at

---

[2] Defendants (1)-(7) are employees of Madera County Department of Child Support Services

[3] In the complaint, Plaintiff refers to defendant Tresman as a judge. (ECF No. 1 at 3)

1). Plaintiff goes on to state "[u]nder California Code of Civil Procedure §410.10, California courts exercise jurisdiction to the fullest extent permitted by state and federal law." (*Id.*) Plaintiff appears to argue that because this Court is located within the state of California, this Court has subject matter jurisdiction over his claims because they occurred within Madera County, Madera, California.

## IV. SUBJECT MATTER JURISDICTION

### a. Legal Standards

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III, § 2, of the Constitution delineates [t]he character of the controversies over which federal judicial authority may extend. And lower federal-court jurisdiction is further limited to those subjects encompassed within a statutory grant of jurisdiction. Accordingly, the district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (alteration in original) (citations and internal quotation marks omitted).

> In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that aris[e] under federal law and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties. These jurisdictional grants are known as federal-question jurisdiction and diversity jurisdiction, respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which to vindicate federal rights, whereas diversity jurisdiction provides a neutral forum for parties from different States.

*Id.* (alteration in original) (citations and internal quotation marks omitted).

First, a plaintiff "properly invokes" subject-matter jurisdiction under § 1331 when he "pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal quotation marks and citation omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Second, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs," and involves "citizens of different States." The citizenship of an individual is "determined by her state of domicile, not her state of residence," with a domicile being the individual's "permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Diversity jurisdiction is not available when any plaintiff is a citizen of the same State as any defendant. *See Snyder v. Harris*, 394 U.S. 332, 338–339 (1969).

Finally, "it is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir.2002)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Moreover, the Supreme Court has held that a court lacks jurisdiction over absolutely meritless claims:

> Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579, 24 S.Ct. 553, 557, 48 L.Ed. 795 (1904); 'wholly insubstantial,' *Bailey v. Patterson*, 369 U.S. 31, 33, 82 S.Ct. 549, 550-551, 7 L.Ed.2d 512 (1962); 'obviously frivolous,' *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910); 'plainly unsubstantial,' *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105, 53 S.Ct. 549, 550, 77 L.Ed. 1062 (1933); or 'no longer open to discussion,' *McGilvra v. Ross*, 215 U.S. 70, 80, 30 S.Ct. 27, 31, 54 L.Ed. 95 (1909).

*Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).

**b. Analysis**

In the complaint, Plaintiff states that the basis for jurisdiction in this action is diversity. Plaintiff represents he is a citizen of California and defendants are employees of Madera County Department of Child Support Services, Madera County Superior Couty, and Community Action of Madera County, all of which are entities whose principal place of business is in California. Plaintiff does not provide the citizenship of the defendants themselves, but describes the events taking place California and does not indicate that any defendant is a resident of a different state (ECF No. 1 at 2).

Thus, because it appears that Plaintiff and defendants are all citizens of the same state, diversity jurisdiction does not exist. *Snyder v. Harris* 394 U.S. at 338–339.

Plaintiff's complaint does not claim federal question jurisdiction under 28 U.S.C § 1331 as a basis for his case. Moreover, Plaintiff's complaint does not present any federal claims.

Indeed, Plaintiff's complaint lacks any claims or causes of action and merely states that defendants made "fraudulent claims." (*See* ECF No. 1). As such, Plaintiff's complaint does not pose a federal question on the face of his complaint, and the Court lacks jurisdiction under federal question jurisdiction. *Caterpillar Inc.*, 482 U.S. at 392.

While Plaintiff refers to California Code of Civil Procedure section 410.10, he incorrectly cites the statue. The statue states, "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Code of Civ. Pro. § 410.10. However, this section applies to state courts, not federal courts such as this one. Moreover, as set forth above, this Court is a court of limited jurisdiction as set forth in Article III § 2 of the United States Constitution.

In short, the complaint and the response to the order to show cause fail to identify a basis for federal subject-matter jurisdiction over this case.

## V. *YOUNGER ABSTENTION* AND *ROOKER-FELDMAN* DOCTRINE

### a. Legal Standards

Two doctrines prevent a federal court from interfering with state court proceedings. The first is a doctrine called *Younger* abstention, which is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Thus, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (alterations, citation, and internal quotation marks omitted).

> *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

*Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, citation, and internal quotation marks omitted).

Typically, dismissal is required for *Younger* abstention. *Aiona v. Judiciary of State of Hawaii*, 17 F.3d 1244, 1248 (9th Cir. 1994) (holding that, when abstaining under *Younger*, "a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief") (citation and internal quotation marks omitted). But "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). Lastly, "Federal courts will not abstain under *Younger* in extraordinary circumstances where irreparable injury can be shown." *Page*, 932 F.3d at 902 (citation and internal quotation marks omitted). "[B]ad faith and harassment" are "the usual prerequisites" to show "the necessary irreparable injury." *Younger*, 401 U.S. at 53.

The next doctrine is known as the *Rooker-Feldman* doctrine, which "takes its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). Under this doctrine, lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence being called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (*citing Feldman*, 460 U.S. at 482 n.16).

**b. Analysis**

Plaintiff's complaint is subject to dismissal under these doctrines because it challenges state court orders related to his child support payments. In his complaint, Plaintiff makes various references to state court proceedings. For example, Plaintiff states, "defendants stated in court that my income…." (ECF No. 1 at 3). Plaintiff further states, "I was forced to hire an attorney and the Judge and Child Support Services Advocate interfered between my attorney and myself."

(*Id.*). Furthermore, Plaintiff alleges "at a hearing on February 13, 2024, the Judge (Defendant Douglas Tresman) …I Feel the Defendant Tresman had an agenda against me from the very beginning of my case." (*Id.*).

Plaintiff's complaint thus improperly seeks an order from this Court modifying or overturning orders made in state court. However, as set forth above, challenges to state court orders must proceed through the state appellate process, rather than through a collateral challenge in federal court. Plaintiff's complaint is thus also subject to dismissal under the *Younger* abstention and *Rooker-Feldman* doctrines.

## VI. CONCLUSION AND RECOMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed without prejudice for lack of subjection matter jurisdiction and abstention under *Younger* and the *Rooker-Feldman* doctrine.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 16, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE