**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

TAHER ALHORSOME,

Plaintiff,

v.

MACIAS, *et al.*,

Defendants.

No. 1:26-cv-05758 JLT EPG

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT ACTION BE DISMISSED

(Doc. 7)

On September 16, 2026, the assigned magistrate judge issued findings and recommendations, recommending that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction and abstention under *Younger* and the *Rooker-Feldman* doctrine. (Doc. 7.) Plaintiff filed timely objections on October 13, 2026. (Doc. 8)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. The magistrate judge correctly noted that Plaintiff's complaint alleges jurisdiction is based on diversity of citizenship, yet all the parties are citizens of California. (Doc. 1 at 2; Doc. 7 at 4.) Plaintiff asserts in his objections that he is in fact attempting to bring a federal procedural due process claim because he was denied a fair opportunity to defend himself in the state court proceedings. (Doc. 8 at 2.) To the extent Plaintiff is requesting permission to amend his complaint

to attempt to state a procedural due process claim, any such request would be denied as futile. A procedural due process claim is generally barred when an adequate remedy exists under state law, *see Lake Nacimiento Ranch Co. v. San Luis Obispo Cty*., 841 F.2d 872, 879 (9th Cir. 1987), and here Plaintiff retains the right to appeal the state court order(s) of concern through state appellate processes. *See Killgore v. City of S. El Monte*, No. 2:19-CV-00442-SVW-JEM, 2019 WL 8105371, at *12 (C.D. Cal. Dec. 19, 2019).

Plaintiff also argues that the *Younger* doctrine does not apply here because "extraordinary circumstances" exist given his allegations of "fraudulent misrepresentations of his income by agency officials and a complete denial of due process during the proceedings.". (Doc. 8 at 2.) Indeed, "an exception to abstention applies if the state proceedings demonstrate 'bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate.'" *Baffert v. Cal. Horse Racing Bd*., 332 F.3d 613, 617 (9th Cir. 2003). But the extraordinary circumstances exception invoked by Plaintiff applies only where "the danger of irreparable loss is both great and immediate." *World Famous Drinking Emporium, Inc*. v. City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987). In general, this is found only in cases involving a deprivation of physical liberty that "cannot be fully vindicated after trial." *Bean v. Matteucci*, 986 F.3d 1128, 1135 (9th Cir. 2021) (finding extraordinary circumstances where plaintiff's "right to avoid forcible administration of antipsychotic medications cannot be fully vindicated after trial.") No such allegations are advanced here.

Finally, Plaintiff objects that his claims should not be barred by *Rooker-Feldman* because he "is not merely seeking a review or reversal of a state court judgment; rather, he is raising independent federal claims regarding fraudulent conduct, misrepresentation, and constitutional due process violations committed by individual defendants." (Doc. 8 at 2.) However, under *Rooker-Feldman* a federal district court "must . . . refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court." *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). A claim is inextricably intertwined with a state court judgment if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it," or if "the relief requested in the federal action would effectively reverse the state court decision or

void its ruling." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (internal citations and quotations omitted). The Complaint reveals several examples of allegations that are inextricably intertwined with the state court judgment. (*E.g*, Doc. 1, ¶ 1 (alleging defendants fraudulently represented his assets and then arguing: "I do not feel I should be ordered to pay child support based on a fraudulent amount in my bank account."); *id*., ¶ 2 ("I believe the judge was protecting my ex wife by not ordering her to produce documents in my Request for Production of Documents").

Plaintiffs' objections are unfounded. Thus, the Court **ORDERS**:

1. The findings and recommendations issued on September 16, 2026 (Doc. 7) are **ADOPTED IN FULL**.
2. Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _October 21, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE